# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Glendale Long, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-22977 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

On November 12, 2004, pursuant to 28 U.S.C. § 2255, petitioner commenced this pro se action attacking his guilty plea and sentence. On February 2, 2005, the petitioner's trial counsel filed an affidavit stating that the petitioner's sentence had not been correctly calculated. During sentencing, trial counsel failed to object to the sentencing calculations. On February 18, 2005, the government responded to the petitioner's motion and moved for a determination of whether the petitioner's sentence was correctly calculated. This matter is now before the Court for disposition.

On October 22, 2002, a federal grand jury charged the petitioner in a single count indictment with possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). On April 29, 2003, the petitioner pled guilty. On December 9, 2003, the Court sentenced the petitioner to 54 months in prison followed by three years supervised release.

The pre-sentence report determined that the petitioner's base offense level should be 24 pursuant U.S.S.G. §2K2.1(a)(2), which provides a base offense level of 24, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense." In 1992, the South Carolina state

court sentenced the petitioner to twelve years imprisonment and five years probation for assault and battery with intent to kill. In 1991, the South Carolina state court sentenced the petitioner to one year of probation for pointing a gun at a victim. Note 15 of U.S.S.G. 2K2.1 provides that only those convictions that receive criminal history points shall be counted. The petitioner did not receive any criminal points for this 1991 conviction. Therefore, the 1991 conviction should not have determined the petitioner's base offense level. U.S.S.G. §2K2.1(a)(2), n.15. The petitioner's base offense level should have been 20 pursuant to U.S.S.G. 2K2.1(a)(4).

With the other enhancements, the petitioner's offense level should have been 23 instead of 27. The sentencing range for an offense level of 23 and criminal history category of II is 51-63 months. At sentencing the Court granted the petitioner a downward departure of 24 months for substantial assistance to authorities pursuant to U.S.S.G. §5K1.1.

The Court hereby vacates the petitioner's judgment of conviction and enters a new judgment of time served. All other provisions of the December 9, 2003, sentence remain as imposed.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 24, 2006
Charleston, South Carolina